# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# BROWARD DIVISION

## CASE NO.

ANIBAL ANTONIO AGUILAR
FERNANDEZ,

    Plaintiff,

v.

WINN-DIXIE STORES, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, ANIBAL ANTONIO AGUILAR FERNANDEZ (hereinafter "Plaintiff" and/or "FERNANDEZ"), by and through his undersigned counsel, and files this Complaint against Defendant WINN-DIXIE STORES, INC. (hereinafter "Defendant" and/or "WINN-DIXIE") for violations of the Fair Labor Standards Act ("FLSA") and Florida Statute § 448.102, Florida's Private Whistleblower Act, in support thereof, states as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This is an action brought by Plaintiff under the FLSA, 29 U.S.C. §215(a)(3) and Florida Statute § 448.102, to recover for retaliation as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

3. FERNANDEZ is over the age of 18 and resides in Miami-Dade County, Florida.

4. Plaintiff is or was a covered, non-exempt employee under the federal wage and hour laws, and is entitled to overtime pay consistent with the requirements of these laws.

5. Defendant, WINN-DIXIE, at all relevant times, was a Florida corporation with many store locations across the state. The store where Plaintiff worked is located at 17101 Miramar Parkway, Miramar, Florida 33027 in Broward County.

6. The Defendants' business activities involve those to which the FLSA applies.

7. The Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

8. The Plaintiff's work for the Defendants was in and/or closely related to the movement of commerce while he worked for the Defendants.

9. The Defendants also regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce.

10. Defendant, WINN-DIXIE, at all times relevant to this action was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, at all relevant times to this action the annual gross sales volume of the Defendant exceeded $500,000.00 per year.

11. Defendants violated the FLSA and Florida's Whistleblower Act by retaliating against Plaintiff for his complaints and objections to Defendant's unlawful acts.

12. All of the relevant events alleged in this complaint occurred in Broward County.

## COMMON FACTUAL ALLEGATIONS

13. Plaintiff worked for WINN-DIXIE in the meat department from on or about November 1, 2013 until on or about October 17, 2014.

14. During his employment, Plaintiff was never disciplined, reprimanded or written up and was known to be one of the best meat cutters at WINN-DIXIE.

15. However, things changed as soon as Plaintiff began reporting various violations of laws, rules, and regulations to his manager, Pedro Leon (hereinafter referred to as "LEON").

16. On or about the first week of October, 2014, Plaintiff approached LEON and told him that the following unlawful acts were being committed at WINN-DIXIE:

   a. Managers were altering employees' time records so that they wouldn't get paid for their overtime as required under the FLSA;

   b. Managers were forcing employees to punch out before their actual shifts ended in order to avoid paying them overtime in violation of the FLSA;

   c. WINN-DIXIE began changing the expiration dates of meats that had gone bad in order to sell them to customers;

   d. WINN-DIXIE did not sanitize the meat cutting machines which resulted in bacteria infecting all the meat and strong odors were emanating from the machines;

   e. WINN-DIXIE did not properly clean the meat department and there was meat all over the floor all of the time;

   f. WINN-DIXIE had employees packaging meats in a manner that concealed areas of the meat which were discolored, sometimes even green, due to age and expiration.

g. Plaintiff cut his finger at work and was told he would be fired if he sought worker's compensation;

h. WINN-DIXIE gave some of the expired meat to a so called "charity" but fixed the books to overstate how much was being donated; and,

i. WINN-DIXIE was changing expiration dates on meat and selling the meat to delis in the area.

17. LEON told Plaintiff it wasn't Plaintiff's problem. Plaintiff responded that someone was going to get sick or die from WINN-DIXIE's practices. LEON told him that he should quit his job there and that his wife was an attorney so LEON wouldn't have legal repercussions—Plaintiff said he would not quit and continued working.

18. LEON went on vacation after that day for 15 days and returned on October 17, 2014.

19. Upon LEON's return, he saw Plaintiff working and said "Oh you're still here?"

20. That same day, Plaintiff's co-worker told him he better quit voluntarily because they were planning to do something to him—Plaintiff would not quit.

21. Plaintiff went to LEON's office to speak with him and was met by a man named Juan Morejon (hereinafter referred to as "MOREJON") claiming he was a detective for WINN-DIXIE. He asked Plaintiff, "Are you Anibal?" He said he needed to talk to Plaintiff but Plaintiff stated that he had not eaten all day and that he needed to punch out.

22. When Plaintiff turned around, manager Melissa, stood in front of the door and would not let Plaintiff leave and told him he was arrested for stealing—Plaintiff could see that there was a camera hidden by the filing cabinet filming the whole thing.

23. They told Plaintiff that under the authority of WINN-DIXIE, they were investigating the loss of $15,000.00 in meat and that they had video of him stealing.

24. MOREJON then told Plaintiff "The show is over" and called the police and had Plaintiff arrested—curiously enough the arresting officer frequented WINN-DIXIE. The whole thing was planned.

25. The retaliation continued until December 16, 2015, when Judge Melinda Brown of the County Court Criminal Division of Broward County acquitted Plaintiff on all 10 counts.

26. However, Plaintiff has and will continue to suffer from the unlawful acts of WINN-DIXIE as he has been unable to find employment for having to disclose he was charged with a crime even though he was acquitted.

## COUNT I
## FLSA RETALIATION

27. Plaintiff re-alleges and incorporates all the allegations contained within Paragraphs 1 through 25.

28. The FLSA, specifically 29 U.S.C. §215(a)(3), makes it unlawful to discharge or otherwise retaliate against any employee who has complained about any violation of the FLSA, including any failure to properly pay overtime compensation.

29. Plaintiff engaged in protected activity under the FLSA by complaining to WINN-DIXIE's management of the fact that time records were being altered and employees were forced to work off the clock to avoid paying overtime in violation of the FLSA. Plaintiff objected and refused to punch out before his shift ended.

30. After his complaints and objections were made, WINN-DIXIE falsely accused Plaintiff of stealing, falsely imprisoned Plaintiff at WINN-DIXIE for over two hours, and then had him arrested even though Plaintiff was innocent and was acquitted of all charges.

31. Defendants unlawfully retaliated against Plaintiff for his complaints and objections to WINN-DIXIE's violations of the FLSA.

32. Defendant's conduct as alleged hereinabove constituted unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

33. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered damages in the past, and will continue to suffer damages into the future, including lost back pay and lost benefits, front pay, and compensatory damages for, among other things, emotional distress, mental anguish, humiliation, and loss of dignity.

34. Defendants' actions described herein were undertaken willfully, maliciously, and in reckless disregard for Plaintiff's rights under the law.

35. WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all compensatory and back pay/lost benefits damages allowed under the FLSA, front pay, liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF FLORIDA STATUTE 448.102
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT

36. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of the Complaint.

37. This is an action for damages pursuant to Florida's Private Whistleblower's Act, F.S. § 448.102(3), *et. seq.*

38. As set forth above, Plaintiff objected to and refused to participate in the activities, policies, and practices of WINN-DIXIE which were in violation of a laws, rules, and/or regulations.

39. As set forth above, Defendant WINN-DIXIE retaliated against Plaintiff by falsely accusing Plaintiff of stealing, falsely imprisoning Plaintiff at WINN-DIXIE for over two hours, and then having him arrested even though Plaintiff was innocent and was acquitted of all charges.

40. The retaliatory actions of Defendant WINN-DIXIE constitute a violation of the Florida's Private Whistleblower's Act, F.S. § 448.102(2)-(3), *et. seq.*

41. As a direct result of the retaliatory actions of Defendant WINN-DIXIE, Plaintiff has suffered damages, including lost wages, benefits, and other remuneration, emotional distress, and humiliation. These losses are permanent and will continue into the future.

WHEREFORE, Plaintiff, ANIBAL ANTONIO AGUILAR FERNANDEZ, prays for all legal and equitable relief allowed by law from Defendant WINN-DIXIE, including:

g. Back pay and benefits;

h. Interest on backpay;

i. Front pay and/or lost earning capacity;

j. Compensatory damages;

k. Costs and attorney's fees;

l. For such other relief as the Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff request a jury trial on all issues so triable.

Respectfully submitted,

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, 2nd Floor
Miami, FL  33126
Telephone: (305) 266-1150
Facsimile: (305)266-1151
Email: amorgado@coronapa.com
Secondary Email: crm@coronapa.com


By: /s/ Allyson Morgado
Allyson Morgado, Esq.
FBN 91506